## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| AARON ISBY-ISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-116-JMS-MJD |
| | ) | |
| BRUCE LEMMON, Commissioner of IDOC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

**I.**

The 26-page amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Aaron Isby-Israel, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Four claims are apparent in the amended complaint, each of which is discussed below. As a preliminary matter, **any claims thought to be brought by plaintiff Aaron Isby-Israel on behalf of other inmates are dismissed without prejudice.** The plaintiff is not an attorney and does not have standing to assert the rights of other plaintiffs, and no right to act on their behalf. *O-Bam v. Hawk*, 1994 WL 692969 (N.D. Ind 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988); *Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986); *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986); *Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985)).

### A. Grievance Process

The claim that the defendants interfered with the grievance process in order to prevent the plaintiff from filing a lawsuit is **dismissed** for failure to state a claim upon which relief may be granted. It is true that the Prison Litigation Reform Act requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). It has been recognized, however, that Aa remedy becomes >unavailable= if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.@ See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Given these circumstances, the plaintiff has failed to Amake specific allegations as to the prejudice suffered because of the defendants= alleged conduct@ and any right to access-to-courts claim is dismissed. *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003). Further, the Seventh Circuit has Aspecifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure.@ *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), Aany right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.@ *Id.* at 1430-31(internal citations omitted). Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through 42 U.S.C. ' 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

### B. International Law

The plaintiff alleges that the defendants' actions violate international law such as the International Covenant on Civil and Political Rights (ICCPR), Article 7 and 79 to the United Nations Basic Principles for the Treatment of Prisoners. But,

the ICCPR is not self-executing and does not give rise to a private cause of action. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004); *Clancy v. Office of Foreign Assets Control of U.S. Dept. of Treasury*, 2007 WL 1051767, 17 (E.D. Wis. 2007). Similarly, this court is not aware of any authority which supports the position that the United Nations Basic Principles for the Treatment of Prisoners creates a private cause of action. Accordingly, any claims based on international law are dismissed.

### C.  Eighth Amendment

The plaintiff alleges that the conditions of confinement in administrative segregation violate the Eighth Amendment prohibition against cruel and unusual punishment. This claim shall proceed as submitted consistent with Part III of this Entry.

### D.  Due Process

The plaintiff alleges that his placement in administrative segregation for more than five years without a hearing or review process violates his right to due process. This claim shall proceed as submitted consistent with Part III of this Entry.

### III.

The plaintiff shall have **through October 1, 2012,** in which to file a statement of remaining claims. Given the rulings in Part II of this Entry, the statement of remaining claims should identify the circumstances associated with the alleged violation of plaintiff's Eighth Amendment and Due Process rights and for each such alleged violation, identify what role any of the defendants played in personally causing the alleged violation.

As discussed in Part II of this Entry, four claims for relief were identified by the court. If the plaintiff intended to advance additional claims he should restate such claims in his statement of remaining claims.

**IT IS SO ORDERED.**

Date: 09/10/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Aaron Isby-Israel**
**892219**
**Wabash Valley Correctional Facility**
**6908 S. Old US Hwy 41**
**P.O. Box 1111**
**Carlisle, IN 47838**