UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON ISBY-ISRAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:12-cv-116-JMS-MJD |
| ) | |
| BRUCE LEMMON, Commissioner of ) | |
| IDOC, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's objection to the Entry striking supplemental complaint [Dkt. 33] has been considered. The plaintiff's contention that his supplemental complaint alleged no different claims is not persuasive. As explained in the Court's ruling of March 27, 2013 (docket 31), in his supplemental complaint the plaintiff attempted to add claims of retaliation, denial of access to the courts, denial of free exercise of religion, interference with mail and hardcover books, and denial of hygiene items and medication. Plaintiff also named a number of additional individuals who allegedly violated his various civil rights. As explained in the Court's ruling, unrelated claims against different defendants belong in different lawsuits. The plaintiff's request to vacate the ruling of March 27, 2013 [Dkt. 33], striking the supplemental complaint, is **denied.**

2. The plaintiff's "motion for relief from order of *sua sponte* dismissal and improper substitution of amended complaint" [Dkt. 38] has been considered. In his motion, the plaintiff argues that the Court erred in dismissing his claims concerning the grievance process and

international law. He also objects to the Court having treated plaintiff's "statement of remaining claims" as the second amended complaint.

    a.    In the screening Entry of September 10, 2012 (docket 12), the Court discussed the plaintiff's claim that the defendants interfered with the grievance process in an attempt to prevent him from filing a lawsuit. The plaintiff argues that the Court should have allowed this denial of access to the courts claim to proceed under the First Amendment. He alleges that the defendants prevented him from filing grievances by returning and not processing his grievances and by not giving him the proper forms. As discussed in the screening Entry, these allegations fail to state a claim upon which relief can be granted. Such allegations might provide the plaintiff with an effective response to an affirmative defense of failure to exhaust administrative remedies, but they do not give him a claim that can be vindicated through 42 U.S.C. § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). In addition, the plaintiff was able to file this lawsuit, so his access to the courts has not been denied under these circumstances.

    b.    As to his international law claim, the plaintiff argues that he has a private cause of action under the Torture Victim Protection Act. That Act states, in part, that "[a]n individual who, under actual or apparent authority, or color of law, of any foreign nation – (1) subjects an individual to torture shall, in a civil action, be liable for damages to that individual …." Historical and Statutory Notes to 28 U.S.C. § 1350. There is no foreign national defendant named in this action. Moreover, there is no basis to reach out to international law in a domestic setting under which the Eighth Amendment provides adequate protection to the plaintiff.

    c.    The plaintiff further argues that he was not given adequate notice that his statement of remaining claims would be treated as his second amended complaint. Plaintiff was given the opportunity to clarify any and all claims he wished to pursue in this lawsuit. *See*

Screening Entry of September 10, 2012 ("As discussed in Part II of this Entry, four claims for relief were identified by the court. If the plaintiff intended to advance additional claims he should restate such claims in his statement of remaining claims."). He has shown no prejudice in the Court's treatment of his statement of remaining claims.

   d.  The plaintiff has failed to show any errors in the Court's screening Entry. For the above reasons, the plaintiff's "motion for relief from order of *sua sponte* dismissal and improper substitution of amended complaint" [Dkt. 38] is **denied.**

   **IT IS SO ORDERED.**

Date: 05/22/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

AARON ISBY-ISRAEL
892219
WABASH VALLEY - CF
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838